# REX WHITEHORN & ASSOCIATES, P.C.
## — ATTORNEYS AT LAW —

REX WHITEHORN

APHRODITE HEPHEASTOU
CAESAR D. RICHBOW
DENIS FISHMAN

OF COUNSEL:
MARK D. MERMEL
DENNIS M. REISMAN

11 GRACE AVENUE
SUITE 411
GREAT NECK, NEW YORK 11021

TEL: (516) 829-5000
FAX: (516) 829-5190
AH@RWASSOCIATESPC.COM
RW@RWASSOCIATESPC.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2020
```

**VIA ECF**

*Application GRANTED. This matter is referred for a settlement before Judge Cave, and a settlement referral will follow separately. The February 17, 2020, trial date is adjourned until **March 16, 2020, beginning at 10:45 a.m.** Motions in limine, joint requires to charge, voir direct, the verdict form and accompanying memoranda of law are due **February 17, 2020**. Responses to the motions in limine are due **February 24, 2020**. The final pretrial order is due **March 2, 2020**. The February 10, 2020, 10:30 a.m. final pretrial conference is adjourned until **March 9, 2020, at 10:30 a.m.** The parties shall endeavor to hold their settlement conference before the trial date.*

Re: *Elizabeth Flint v. Allen/Orchard, LLC, et. al*
Southern District of New York
**Docket No. 1:18-cv-09753 (LGS) (HBP)**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dated: January 13, 2020
New York, New York

Dear Hon. Schofield:

We forwarded the trial scheduling order issued by the court to our clients directing a trial commence on February 17th, 2020. Mr. Rockwood, the principal of two of the Defendants in this action has advised that his wife is pregnant, with her due date within days of the trial date. Given the unpredictability of these circumstances, we ask that the trial date be adjourned by at least two weeks, if not more, to enable Mr. Rockwood to focus on his family, including his wife and newborn. Mr. Rockwood's testimony is critical to Defendants' case and his absence will be prejudicial if the trial is required to proceed in his absence. This is the first request for the adjournment of the trial date.

We have conferred with Plaintiff regarding this extension and Plaintiff consented to the adjournment of the trial dates, subject to the court's discretion. Several discussions and counter settlement offers have been exchanged and a walk through of the site has also taken place. While Defendants understand that mediation efforts and settlement discussions to not stay any trial dates, <u>we ask that the court consider directing the parties to appear for a settlement conference to help further focus certain matters that seem to be preventing fully productive mediation sessions.</u> Defendants believe a hinderance to the fruitful productiveness of the mediation sessions is Plaintiff (and not just her counsel's) participation in the settlement discussions.

Defendants have been committed to conserving both judicial and financial resources rather than generating additional costs by pursuing a continuation of this action, if the matter can be settled. Defendants believe a small amount of time via settlement conference with the parties can be invaluable to resolving the matter. We are available for a conference call with the court, subject to its availability to discuss these issues.

Sincerely,

Rex Whitehorn, Esq.

cc: Plaintiff's Counsel via ECF