# PARKER HANSKI LLC

40 Worth Street, 10th Floor
New York, New York 10013
Phone: 212.248.7400
Fax:     212.248.5600

April 23, 2020

<u>Via ECF</u>
The Honorable Lorna G. Schofield
United States District Judge
United States District Court
40 Foley Square
New York, NY 10007

> **Re:**   *Elizabeth Flint v. Allen/Orchard, LLC et. al.*
>
>   <u>*Docket No. 1:18-cv-09753 (LGS) (SLC)*</u>

Dear Judge Schofield:

We represent the plaintiff in the above-entitled action. We write to respectfully ask the Court to strike the defendants' April 15, 2020 Notice of Expert Witness Disclosures of Stephen Rawlings from Rawlings Architecture[1]. In the alternative, plaintiff respectfully asks the Court for permission to make a motion *in limine* to exclude this eve of trial expert witness disclosure.

On March 19, 2020, defendants made an application to Your Honor to "permit Defendants to produce [Stephen Rawlings from] Rawlings Architects as a fact and expert witness at trial". (See ECF Document # 69). On March 20, 2020, Your Honor issued an Order stating that: "If defendants did not notice [Stephen Rawlings from Rawlings Architecture] during discovery, then it is too late now -- after the close of discovery and on the eve of trial -- for Defendants to introduce new experts." (See ECF Document #70).

It is undisputed that, during discovery, defendants **never** served a Rule 26 expert disclosure for Stephen Rawlings of Rawlings Architecture. Specifically, defendants never served plaintiff with any of the disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure including a notice of expert witness disclosure, a signed expert report from Stephen Rawlings, the expert witness qualifications of Stephen Rawlings with a list of all publications authored in the previous 10 years, a list of all other cases in which the expert to testify at trial or by deposition in the past four years etc.

Here, the January 2019 Civil Case Management Plan and Scheduling Order for this action provided that all expert discovery be completed by no later than June 27, 2019. (See ECF Document # 20, paragraph 9(b)). Indeed, defendants stated in the January 2019 Order that "defendants anticipate utilizing a qualified ADA expert to review the alleged violations and prepare a report". *Id.* at paragraph 9(a). On March 18, 2019, the Court denied the parties

---

[1] See attachment for this Expert Witness Disclosure.

application to extend expert discovery and reminded the parties again that the "deadline to complete expert discovery remains June 27, 2019 ." (See ECF Document # 25). But defendants never issued a Rule 26 compliant expert witness disclosure before the close of expert discovery on June 27, 2019.

Almost a year after the close of expert discovery, defendants served plaintiff with an April 15, 2020 Notice of Expert Witness Disclosures of Stephen Rawlings from Rawlings Architecture. This disclosure is in direct violation of Your Honor's Order that effectively precluded Steven Rawlings from testifying as an expert witness because he was never noticed as an expert witness during discovery and defendants could not introduce new expert witnesses after the close of discovery. Defendants should be sanctioned for this frivolous and vexatious litigation tactic of trying to make an end run around Your Honor's Order of March 20, 2020. Defendants' April 15, 2020 Expert Disclosure also reflects a lack of respect for the Court's orders and warnings concerning expert discovery.

Plaintiff does not dispute that Stephen Rawlings was identified as a fact witness in defendants' Rule 26 initial disclosure and is thus entitled to testify as a fact witness at trial. And while fact witnesses may give opinion testimony, that opinion testimony may not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The newly disclosed expert testimony from Stephen Rawlings includes his response to plaintiff's expert report, Mr. Rawlings' architectural credentials and compliance with building requirements is opinion testimony based on scientific and technical knowledge—i.e., expert testimony—that is governed by the disclosure and evidentiary requirements for expert witnesses. Defendants cannot evade these requirements by "proffering an expert in lay witness clothing." Advisory Comm.'s Notes (2000 Amendments), Fed. R. of Evid. 701.

The Federal Rules acknowledge substantial differences between a fact witness and an expert witness. So plaintiff's knowledge of Stephen Rawlings as a fact witness is insufficient to excuse defendants' failure to identify this person as an expert witness. Simply put, plaintiff had no notice that Stephen Rawlings would be called as an expert witness and plaintiff would have conducted discovery from Steven Rawlings very differently had plaintiff known during discovery that Mr. Rawlings was going to be utilized as an expert witness. See *Badolato v. Long Island Rail Road Company*, 2016 WL 6236311, at *4 (E.D.N.Y., 2016) (Defendant's counsel asserts that he provided Dr. Szerlip's report and Plaintiff's medical file as part of Defendant's document production during discovery. That "simply did not provide [Plaintiff] with fair warning of the need to take discovery from [them]." ).

"Modern instruments of discovery serve a useful purpose ... [to] make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble*, 356 U.S. 677, 683 (1958). Rules 26 and 37 are designed to prevent the "sandbagging" of an opposing party with new evidence on the eve of trial. *See Haas v. Delaware and Hudson Ry. Co.*, 282 Fed. Appx. 84, 86 (2d Cir. 2008); and *CSC Holdings, Inc. v. Berube*, 2004 WL 3541331, at *3 (E.D.N.Y. July 7, 2004) (Rule 37(c)(1) is "designed to avoid ... gamesmanship ... [and] to provide a strong inducement for disclosure of Rule 26(a) material.").

Courts have consistently excluded testimony of witnesses disclosed well after the

disclosures deadlines.  *Patterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir. 2006) ("It is also clear that Patterson would have been prejudiced had the testimony of four witnesses only identified ten days before trial been allowed" where no evidence from these witnesses was submitted in connection with the defendants' summary judgment motion, and first notice of the witnesses, unaccompanied by any information concerning the nature of their testimony, was provided shortly before trial"); and *Serin v. N. Leasing Sys., Inc.*, 2010 WL 6501661, at *1 (S.D.N.Y. Oct. 26, 2010)  (granting plaintiff's motion in limine pursuant to FRCP 37(c)(1) to exclude  witnesses identified for the first time on the eve of trial.).


          Stephen Rawlings must therefore be precluded from testifying as an expert witness because Rule 37(c)(1) mandates that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

          Accordingly, the Court should strike the defendants' April 15, 2020 Notice of Expert Witness Disclosures of Stephen Rawlings from Rawlings Architecture; or grant plaintiff permission to make a motion *in limine* to exclude this eve of trial expert witness disclosure.

          Thank you for your time and attention to this matter.  With kindest regards, I am


                    very truly yours,


                         /s/
                    Glen H. Parker, Esq.




Application is GRANTED.  Defendants' Notice of Expert Witness Disclosures of Stephen Rawlings is stricken, and Stephen Rawlings is precluded from testifying as an expert witness at trial.  By Order dated March 20, 2020, the Court denied Defendants' request to produce Stephen Rawlings as an expert witness, since he was not noticed during discovery as an expert witness.

The parties shall file a joint status letter, apprising the Court on the outcome of mediation as soon as practicable, and no later than two days after the parties' deadline to complete mediation, or by **May 20, 2020**.

The Clerk of Court is respectfully directed to close Dkt. No. 73.

SO ORDERED.

Dated: April 24, 2020
          New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**