UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ELIZABETH FLINT,                                            :
                              Plaintiff,                    :
                                                            :     18 Civ. 9753 (LGS)
            -against-                                       :
                                                            :     ORDER
ALLEN/ORCHARD LLC, et al.,                                  :
                              Defendants,                   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, this application concerns Defendants' attempt to elicit expert testimony at trial from Stephen Rawlings of Rawlings Architects ("Rawlings"). Defendants describe Rawlings as their "long standing architect." (Dkt. 69 at 1). Defendants identified Rawlings as a fact witness in their Rule 26 initial disclosure. In April 2019, Plaintiff served a document request on Rawlings Architects, but elected not to depose Rawlings. Fact and expert discovery closed on September 20, 2019. The case was determined to be trial ready in December 2019;

WHEREAS, by letter dated March 19, 2020, Defendants sought leave to produce Rawlings as a fact and expert witness at trial. By Order dated March 20, 2020, Defendants' request to call Rawlings as an expert witness was denied, since Defendants had not timely disclosed Rawlings as an expert in compliance with Rule 26(a)(2), Fed R. Civ. P, and the Court's scheduling order. A party is "not allowed" to call a witness unless the failure to disclose "was substantially justified or . . . harmless," and a court may choose to order another sanction in addition to or instead of preclusion of the previously undisclosed evidence. *See* Fed. R. Civ. 37(c). In deciding whether to preclude evidence not previously disclosed, a court considers "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[ ]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and the possibility of a continuance." *See Design Strategy, Inc.*

*v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (first alteration in original) (quoting *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006)).

In considering these factors, including the facts that Rawlings was not noticed as an expert witness prior to the close of expert discovery on September 20, 2019, the case was deemed trial ready in December 2019 and Defendants provided no justification for the failure to disclose, Defendants' request was denied. Defendants did not file a motion to reconsider the March 20, 2020, Order;

WHEREAS, by letter dated April 23, 2020, Plaintiff informed the Court that Defendants had served a Notice of Expert Witness Disclosures of Rawlings on April 15, 2020, and requested that the Court strike Rawlings' expert disclosures. By Order dated April 24, 2020, this request was granted on the basis that the Court had already ruled on this issue in the Order dated March 20, 2020;

WHEREAS, by letter dated April 25, 2020, Defendants seek reconsideration of the Order dated April 24, 2020, granting Plaintiff's request. It is hereby

**ORDERED** that, the application to reconsider the April 24, 2020, Order is denied. The Court already ruled on this issue in the March 20, 2020, Order. The additional information provided in Defendants' letter does not affect the analysis. Among other reasons, Defendants' positions on their failure to comply and the importance of Rawlings' expert testimony are not persuasive where Defendants first identified Rawlings as an expert witness six months after the close of expert discovery, did not timely move for reconsideration of the prior order precluding him as an expert, and then baldly disregarded that preclusion order and served an untimely notice stating that Defendants "hereby retain and expect to call [Rawlings] as an expert."

Dated: April 27, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**